**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **JERRY L. KING, JR.,**<br><br>　　　**Plaintiff,**<br><br>　　v.<br><br>**NASA FEDERAL CREDIT UNION,**<br><br>　　　**Defendant.** | **Case No. 26–cv–00743–ESK–EAP**<br><br><br>**OPINION AND ORDER** |

**THIS MATTER** having come before the Court on the renewed application (Application) of *pro se* plaintiff Jerry L. King, Jr. to proceed *in forma pauperis* (IFP) (ECF No. 4); and King having brought this action against defendant NASA Federal Credit Union; and the Court finding,

1.　Pursuant to 28 U.S.C. § 1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if the litigant "submits an affidavit that includes a statement of all assets" and "states the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

2.　King's affidavit in support of the Application sufficiently establishes an inability to pay the Court's fees.

3.　The Court shall accordingly screen the action to determine whether King's complaint (Complaint) (ECF No. 1): (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). The Court notes that while pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts

in their complaints to support a claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

4.      When evaluating whether a complaint must be dismissed under 28 U.S.C. §1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002).    To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5.      A complaint must also comply with Rule 8, which requires that each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555.

6.      Here, the Complaint does not meet the above standards.   The Complaint raises claims for: (a) Equal Credit Opportunity Act (ECOA) violations; (b) Fair Credit Reporting Act (FCRA) violations; (c) unlawful redlining; (d) veteran discrimination under the Federal Credit Union Act; (e) negligent and willful discrimination; and (f) willful misconduct.   (ECF No. 1 p.4.)   King seeks relief for NASA Federal Credit Union having reversed his approval for a credit card without lawful cause.   (ECF No. 1 p.2.)   King alleges that NASA Federal Credit Union's staff at its headquarters refused to speak with him to provide him with a detailed explanation of the reversal.   (*Id.*) Although King was directed to speak with a branch manager, King alleges that "this entire scenario suggests systemic discrimination and arbitrary denials that disproportionately harm military members, minorities and anyone the senior management just doesn't like on a particular day." (*Id.* p.3.) Considering plaintiff does not provide any dates as to when this incident occurred, the Court cannot determine whether this action was raised within the statute of limitations.

7.      "To establish a prima facie case under ECOA, [a plaintiff] must show that (1) plaintiff was a member of a protected class; (2) plaintiff applied for credit from defendants; (3) plaintiff was qualified for the credit; and (4) despite qualification, plaintiff was denied credit." *Chiang v. Veneman*, 385 F.3d 256, 259 (3d Cir. 2004).  Pursuant to the ECOA,"[i]t shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction" because the applicant: (a) is of a particular "race, color,

religion, national origin, sex or marital status, or age; (b) derives income from a public assistance program; or (c) "has in good faith exercised any right under this chapter." 15 U.S.C. §1691(a). The Complaint contains no well-pleaded facts showing that King falls within the narrow and specific classes of persons entitled to assert rights under 15 U.S.C. §1691(a) or that he was qualified for credit. Instead, plaintiff appears to allege that his credit was reversed because he is a military veteran.

8. "The FCRA is intended 'to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner.'" *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (quoting *Cortez v. Trans Union, LLC,* 617 F.3d 688, 706 (3d Cir.2010)). "The FCRA places certain duties on those who furnish information to consumer reporting agencies." *Id.* "Although a private citizen may bring an action" under the FCRA, "[t]he duties that are placed on furnishers of information by [15 U.S.C. §1681s–2(b)] are implicated only '[a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency.'" *Id.* (quoting 15 U.S.C. §1681s–2(b)(1)). "Notice under [15 U.S.C.] §1681i(a)(2) must be given by a credit reporting agency, and cannot come directly from the consumer." *Id.* While King attaches to the Complaint a letter dated May 8, 2025 that he addressed to NASA Federal Credit Union's attorney of record, the allegations in the Complaint do not contain sufficient factual information to state a claim under the FCRA.

9. To the extent King alleges that NASA Federal Credit Union breached its duty to the credit union's members by having discriminated against him, "[t]here is nothing in the Federal Credit Union Act itself or in its legislative history which reveals Congress' intent to create a private cause of action." *Rosenberg v. A T & T Employees Fed. Credit Union*, 726 F. Supp. 573 (D.N.J. 1989); *Perry v. OCNAC #1 Fed. C.U.*, 423 F. Supp. 3d 67, 80–81 (D.N.J. 2019).

10. As to the unlawful redlining, negligent and willful discrimination, and willful misconduct claims, plaintiff merely asserts conclusory allegations without pleading facts in support of the claims.

Accordingly,

**IT IS** on this **10th** day of **February 2026 ORDERED** that:

1. The Application (ECF No. 4) is **GRANTED.**

3

2.    The Complaint (ECF No. 1) is **DISMISSED without prejudice**. Plaintiff may file by **March 12, 2026** an amended complaint by addressing the deficiencies outlined above.   The Court reserves the right to dismiss this action with prejudice for failure to timely file an amended Complaint.

3.    The Clerk of the Court is directed to **close** this action and send a copy of this Opinion and Order to King by regular mail.

_/s/ Edward S. Kiel_

**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

4