**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **JERRY L. KING, JR.,** <br><br> **Plaintiff,** <br><br> v. <br><br> **NASA FEDERAL CREDIT UNION,** <br><br> **Defendant.** | **Case No. 26–cv–00743–ESK–EAP** <br><br><br> **OPINION AND ORDER** |

**THIS MATTER** having come before the Court upon *pro se*[1] plaintiff Jerry L. King, Jr.'s filing of an amended complaint (Amended Complaint) against defendant NASA Federal Credit Union (ECF No. 6); and the Court finding,

1.    On January 22, 2026, the Court received King's complaint (Complaint) (ECF No. 1) and first application to proceed *in forma pauperis* (IFP) (ECF No. 1–3). The Court denied King's first IFP application without prejudice because he failed to submit the correct form.    (ECF No. 3.)

2.    On February 5, 2026, King submitted a revised IFP application. (ECF No. 4.)    While the revised IFP application was granted, the Complaint was dismissed without prejudice for lack of facial plausibility and failure to satisfy the pleading standard.    (ECF No. 5.)    On February 25, 2026, King filed the Amended Complaint.    (ECF No. 6.)

3.    The Amended Complaint fails to remedy the deficiencies the Court previously noted. (*See* ECF No. 5.) In the Amended Complaint's introduction, King indicates that NASA Federal Credit Union's reversal of his approved credit card application violated the Equal Credit Opportunity Act (ECOA), the Fair Credit Reporting Act (FCRA), the Federal Credit Union Act, and "constitutional rights to equal protection in financial institutions."    (ECF No. 6 p. 1.)    Yet, in the claims for relief section of the Amended Complaint, King lists the following: (a) ECOA violations; (b) FCRA violations; (c) unlawful

---

[1] King indicates that in the Court's prior orders, he was erroneously described as *pro se*.    (ECF No. 6 p. 2.)    Given that no counsel has entered an appearance for King and all of his submissions have been filed on his own behalf, King is appropriately designated as *pro se*.

redlining; (d) negligent and willful discrimination; and (e) willful misconduct. (*Id.* p. 4.)   Therefore, it is unclear what claims King is raising in the Amended Complaint.

4.   While the Amended Complaint provides more detail about the underlying incident, the Amended Complaint does not sufficiently plead how defendants violated King's rights.   King fails to assert how he is a member of a protected class under the ECOA and how the FCRA and the Federal Credit Union Act apply.   Furthermore, King does not cure his conclusory allegations as to his unlawful redlining, negligent and willful discrimination, and willful misconduct claims.

Accordingly,

**IT IS** on this   **26th** day of **February 2026   ORDERED** that:

1.   The Amended Complaint (ECF No. 6) is **DISMISSED without prejudice**.   Plaintiff may file by **March 27, 2026** a second amended complaint by addressing the deficiencies outlined above.   The Court will dismiss this action with prejudice if a second amended complaint is not timely filed.

2.   The Clerk of the Court is directed to keep this action **closed** and send a copy of this Opinion and Order to King by regular mail.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

2